The circumstances of the case, so far as they are necessary to the elucidation of the points, decided, are stated in the opinion of the court which was delivered by
Tieghman, C. J.
This is an ejectment for 22 acres of land, part of the estate of Joseph Jacob Wallis, deceased, father of the plaintiff. Mr. Wallis, died intestate, and the plaintiff, as one of his heirs, was entitled to one-seventh part of his estate. After his death, a petition was presented to the Orphans Court by one of his children, for a valuation and partition of his real estate, in consequence of which, the usual proceedings were had, and part of his land, including that for which this ejectment was brought, was allotted and decreed to Daniel Smith, deceased, in right of his wife, another of the children of the said Joseph Jacob Wallis, he giving a mortgage to *326 secure the payment of £ 880. 16s. 5d. to Thomas, Gaynor, Elizabeth, and Joseph Wallis, four of the children of said Joseph Jacob Wallis. Daniel Smith took possession of the land decreed to him as before mentioned, and held it during his life, his wife having died before him. On his death the possession came to his only child, a daughter, the wife of the defendant, Daniel Scudder. Daniel Smith, never gave the mortgage which he was ordered to give by the Orphans Court, but it is alleged by the defendant, that the whole sum due to the plaintiff was paid, part to herself, and part to her late husband, Enoch Smith, deceased, brother of Daniel. Whether such payment was made, was the question, on the trial of the cause in the court below, and to prove it, the defendant offered evidence of various kinds. He offered evidence of payments on account of the maintenance and education of the plaintiff, while a minor, and before her marriage, by the said Daniel Smith, who was one of her guardians; payments to Enoch Smith, husband of the plaintiff, after her marriage, and payment by large sums of money received by the said Enoch Smith, as executor of the said Daniel, after his death. To all this evidence the plaintiff’s counsel objected, yet, with the exception which shall be hereafter mentioned, it was all properly admitted by the court, because it went towards proof of payment. But there were two pieces of testimony, which ought not to have been admitted; I mean, the testimony of Edward Gobin and Amelia Higgins, who swore to certain declarations of Enoch Smith, with respect to the expenses of his wife’s education at Philadelphia, before her marriage. Nothing that he could say, would be evidence against his wife. Her cláim is not through him, but in her own right, and altogether independent of him. There was error, therefore, in the admission of that evidence. The plaintiff excepted also, to the charge of the court. With regard to any transactions between Daniel and Enoch Smith, the charge was certainly very correct; for the court left it to the jury to decide, whether any, and what payments were made, telling them at the same time, that any dealings between these persons, other than direct payments, ought not to be applied to the discharge of the plaintiff’s claim, unless so understood and intended. If they were so understood and intended, they ought to be applied to the payment of the plaintiff’s demand, because her husband had a right to receive satisfaction of it, either in cash or otherwise, at his pleasure. ' All debts and chases in action belonging to the wife, may be reduced into possession by the husband, and then they become his property absolutely; or he may release them, or assign them for a valueable consideration. But if hot reduced to possession by the husband, they survive to thé wife; and considering the unprotected condition in which a wife’s property is placed by our law, constructive possessioninihe. husband not to be favoured, The only difficulty in this casé, is, with regard to the money which came to the hands of Enoch Smith, as *327 executor of Daniel. The court charged, that the receipt of such money by Enoch, would not operate as a discharge of the plaintiff’s claim, unless specially retained in his hands for that purpose. This instruction to the jury, was not so clear and explicit as it ought to have been. There was not a particle of evidence, of any act of Enoch Smith, denoting an intention to separate any part of the money received by him as executor, and apply it to the satisfaction of his wife’s claim. The evidence was simply, that he received considerable sums of money as executor. He settled no account of his administration, nor does it appear, that he could have appropriated any part of the assets, to the payment of this debt, without being guilty of a devastavit. If he had settled his administration account, paid all the debts, and taken a credit for the claim of his wife, it would have been a complete reduction of it to his own possession, and consequently an extinguishment. But as the case stood on the evidence, it was no more than a receipt of money by Enoch Smith, in the capacity of executor and trustee for those who were interested in the estate of the testator, and consequently not a payment of any particular debt. In the case of Scuyler and others v. Hayle and wife, 5 Johns. Ch. Rep. 196, this subject was fully discussed, and Chancellor Kent, was of opinion, that when the husband took possession of the personal property of the testator, and his wife was residuary devisee, this was not such a possession as. prevented its surviving to the wife, because it was a possession, not as husband, but as executor of the will. That is quite as strong a ‘case as the one before us; for al though Enoch Smith may have wasted much of his brother Daniel’s estate, he did nothing which indicated an intent, to apply any part of it to the satisfaction of his wife’s debt. Indeed, there was one circumstance which should have made the executor of Daniel Smith very cautious how he applied any part of the assets to the payment of the money for which he was ordered to give a mortgage by the Orphans’ Court. He never did give such mortgage, nor in any way bind himself for the payment of that money. And, unless the mortgage was given, or the money paid, no estate vested in him or his wife, under the decree of the court; for payment of the money, or security by mortgage, was a condition precedent. And unless Daniel Smith bound himself to the payment, of which there was no evidence, an action for the money could not have been maintained against his executors, by the children of J. J. Wallis. It ought not, therefore, to have been left to the jury, to infer satisfaction of the plaintiff’s demand. They should have been instructed, that as the evidence was of a bare receipt of money, as executor, such receipt did not, in law, amount to payment of the money due to the plaintiff. I am of opinion, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.